JOURNAL ENTRY AND OPINION
{¶ 1} Robin Ruderson appeals from the trial court's grant of summary judgment in favor of Wal-Mart Store #2266 (hereafter "Wal-Mart"), on a negligence claim. We affirm.
 {¶ 2} On July 30, 2003, Ruderson was shopping at a Wal-Mart store on Pearl Road in Strongsville. After she finished shopping, she entered a check-out line and placed her items onto the conveyor belt. The patron in line ahead of Ruderson had stacked cases of soda pop on the same belt, two of which fell onto Ruderson's foot and fractured it. As a result of this injury, Ruderson filed a complaint in common pleas court, alleging negligence and seeking damages in excess of $25,000.
 {¶ 3} Wal-Mart moved for summary judgment, and the trial court granted this motion. Ruderson appeals from this entry in the following single assignment of error:
 "THE TRIAL COURT IMPROPERLY GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE THERE IS A GENUINE ISSUE OF MATERIAL FACT REMAINING AS TO WHETHER OR NOT APPELLEE, WHICH OWED A DUTY TO APPELLANT, AS AN INVITEE OF ITS STORE, BREACHED THE DUTY, AND AN INJURY PROXIMATELY RESULTED THEREFROM. APPELLEE OWED APPELLANT, A PATRON, A DUTY OF ORDINARY CARE IN MAINTAINING THE PREMISES IN A REASONABLY SAFE CONDITION SO THAT APPELLANT, AS A CUSTOMER, WAS NOT UNREASONABLY EXPOSED TO AN UNNECESSARY DANGER."
 {¶ 4} We first note that this is an accelerated case on our docket as provided under App. R. 11.1 and Local R. 25. This allows for the statement of our reasons for this decision to be in brief and conclusory form. Ruderson asserts that as a business invitee, Wal-Mart owed her a duty of care. She contends that Wal-Mart breached this duty and was therefore the proximate cause of her injury.
 {¶ 5} We review the grant of summary judgment de novo. Baiko v.Mays (2000), 140 Ohio App.3d 1. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Northeast Ohio Apt.Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188, citing Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704. Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion and that conclusion is adverse to the nonmoving party. Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317,327.
 {¶ 6} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107. If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. Id. at 293.
 {¶ 7} In her complaint, Ruderson asserted charges of negligence. It is well accepted that, to establish a cause of action in negligence, a plaintiff must show, "(1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom." Armstrong v. BestBuy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, citing Menifee v. OhioWelding Prod., Inc., (1984), 15 Ohio St.3d 75, 77. Therefore, at issue in this case is the existence of the duty by Wal-Mart.
 {¶ 8} The Supreme Court of Ohio held in Armstrong, supra, that Ohio applies the "open-and-obvious" doctrine as "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Armstrong, syllabus. "The rationale underlying this doctrine is `that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'" Id., quoting Simmers v. BentleyConstr. Co., 64 Ohio St.3d 642, 644, 1992-Ohio-42. Therefore, the open-and-obvious doctrine precludes any claim that Wal-Mart has a duty to protect invitees against open-and-obvious dangers. Without first establishing this duty, Ruderson cannot proceed with a negligence action, and any evidence offered to support a finding of the remaining elements of negligence will not be considered.
 {¶ 9} Ruderson has provided no support for her argument that Wal-Mart owed her a duty, only generally asserting that her status as an invitee obligates such a duty. Ruderson acknowledged in her deposition that she entered the checkout line and paid no attention to what items were already on the conveyor belt. Deposition at 19. As to the relative proximity of the parties, Ruderson testified that the patron in front of her was approximately three to five feet in front of her and that the cashier was an additional six to ten feet in front of him. Deposition at 7. She next claimed that she did not see the soda pop being placed on the belt or touched after it was on the belt. Deposition at 9. Finally, she testified that the soda pop fell off of the conveyor belt before the cashier had the opportunity to move the belt to ring up the pop before it fell. Deposition at 12.
 {¶ 10} The deposition testimony demonstrates that there was no genuine issue of material fact as to the openness or obviousness of the danger presented by the cases of soda pop. Ruderson was directly behind the patron who was purchasing the cases of pop; and, by her own testimony, much closer than the cashier himself. Therefore, the open-and-obvious doctrine applied in this case. Under this doctrine, Wal-Mart owed no duty to Ruderson as a matter of law, and the trial court did not err in granting Wal-Mart's motion for summary judgment. Although Ruderson maintains that Wal-Mart had actual knowledge of the condition present on the conveyor belt and asserts that since Wal-Mart designed the belt system, it was foreseeable that an item could fall off of the belt, the record lacks any support for this argument.
 {¶ 11} The cases of soda pop that fell on Ruderson's foot were placed on the conveyor belt by another patron and not by a Wal-Mart employee. Further, the cases were never handled by the cashier, and there is no indication that the cashier even saw the items. Ruderson herself did not know how long the cases of soda pop were on the conveyor belt or why the cases actually fell. Ruderson did testify, however, that the cases fell before the cashier had the opportunity to move the items.
 {¶ 12} For these reasons, Ruderson's sole assignment of error lacks merit. The ruling of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and MELODY J. STEWART, J., CONCUR